## Dr. Neil HINSLEY v. ARKANSAS STATE BOARD OF DENTAL EXAMINERS

81-193                              633 S.W.2d 696

Supreme Court of Arkansas
Opinion delivered June 1, 1982

*Kaplan, Hollingsworth, Brewer & Bilheimer,* for appellant.

*William H. Trice, III,* for appellee.

RICHARD B. ADKISSON, Chief Justice. The Arkansas State Board of Dental Examiners (hereinafter the Board) suspended the license of appellant, Dr. Neil Hinsley, for one year and 90 days after finding that he had practiced dentistry under a false name and had permitted unlicensed persons under his supervision and control to practice dentistry. The Pulaski County Circuit Court sustained the Board; on appeal, we reverse.

The Board charged appellant with violating Ark. Stat. Ann. § 72-559 and § 72-560 (7) (Repl. 1979) but found him "guilty" of violating Board rules and regulations. In its order of April 9, 1981, the Board specifically found that:

Neil Hinsley is guilty of violating Article 12, Section I of the Rules and Regulations of the Arkansas State Board of Dental Examiners in that he practiced under a name other than a name which he is licensed to

practice, and as such is to have his license to practice dentistry suspended for a period of 90 days. It is further found that Neil Hinsley is guilty of violating Article 12, Section E of the Rules and Regulations of the Arkansas State Board of Dental Examiners in that he aided or abetted an unlicensed person to practice dentistry in the state of Arkansas and as such he will have his license to practice dentistry in the state of Arkansas suspended for a period of one year. It is further found that the two periods of suspension of his license to practice dentistry, referred to above, will be consecutive in nature, and that the total amount of suspension will be one year and ninety days from the date of this order.

The only issue on appeal is whether there is substantial evidence to support the Board's finding that appellant was "guilty" of violating these rules and regulations. Testimony at the hearings before the Board revealed that the alleged incidents of misconduct occurred before the effective date of the rules. Mr. Trice, attorney for the Board, admitted that these rules did not go into effect until September 1, 1980, and that "The statutes are all that need to be considered in this case . . . "

It is a fundamental element of due process that a rule, the violation of which would cause a person to lose a valuable property right, must be in existence before it can be violated. There is not, nor could there be, substantial evidence to support the Board's finding that its nonexisting rules were violated.

We cannot assume that the Board intended to find appellant "guilty" of violating Ark. Stat. Ann. § 72-559 and § 72-560 (7) when the Board's order plainly states otherwise. We do not reach the issue of whether or not the Board could have suspended Dr. Hinsley's license had it found that he had violated Ark. Stat. Ann. § 72-559 which provides for a fine of from $50 to $500 upon conviction.

Reversed.